OPINION
Defendant-appellant, William Thomas Martin, appeals his sentence in the Clermont County Court of Common Pleas for assault and burglary. We affirm the decision of the trial court.
Around 1:45 a.m. on October 30, 1999, appellant, in violation of a temporary protection order, kicked open the door to his former wife's residence. Appellant confronted his ex-wife and threatened to harm her. Approximately one hour later, appellant was walking the street outside of his ex-wife's residence armed with a twelve-gauge shotgun. Officers from the Loveland Police Department and the Ohio State Highway Patrol responded to the scene. Appellant discharged his shotgun and shot a Loveland police officer in the arm. A ricocheting pellet struck a state trooper in the arm. Appellant pointed and fired the shotgun at another Loveland police officer, but missed. Appellant was eventually apprehended and arrested.
Appellant was indicted on one count of felonious assault, three counts of felonious assault by means of a deadly weapon and one count of aggravated burglary. Appellant eventually pled guilty to one count of felonious assault with a firearm specification, one count of felonious assault, one count of assault on a peace officer and one count of burglary. In exchange, the state dismissed the remaining charges. The trial court sentenced appellant to nine years in prison for felonious assault, including an additional mandatory term of three years in prison for the firearm specification. The trial court also ordered appellant to serve an additional consecutive term of eight years in prison for felonious assault with a deadly weapon. Appellant received two concurrent sentences of twelve months for assault on a peace officer and burglary. Appellant appeals his sentence and raises one assignment of error for review.
In his assignment of error, appellant maintains that the trial court "abused its discretion" by sentencing him to twenty years in prison. In support of his assignment of error, appellant argues that the trial court failed to make the required findings under R.C. 2929.14(C) "to justify being sentenced to the ten year maximum" for felonious assault.
Before passage of Senate Bills 2 and 269 in 1996, the standard of review for issues of sentence length was abuse of discretion. See Statev. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, trial courts did not abuse their discretion by imposing a sentence within the range authorized by statute. See, e.g., State v. Beasley (1984), 14 Ohio St.3d 74, 75. Although trial courts still have discretion in determining the appropriate sentence for most offenders, see R.C. 2929.12(A), abuse of discretion is no longer the standard of review. Now, an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Generally, a trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst form of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e);State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
Appellant was convicted for felonious assault in violation of R.C.2903.11(A)(1). His victim was a peace officer. Felonious assault of a peace officer is a felony of the first degree. R.C. 2903.11(B). The possible prison term for each count of a felony of the first degree is three, four, five, six, seven, eight, nine or ten years. R.C.2929.14(A)(1). The maximum possible prison term for felonious assault of a peace officer is obviously ten years. The trial court sentenced appellant to nine years in prison. Since the nine-year sentence is less than the maximum possible term, the trial court was not required to make the requisite findings for a maximum prison term.
The sentence of imprisonment the trial court imposed upon appellant is supported by the record and is not contrary to law. Appellant's assignment of error is overruled.
Judgment affirmed.
 ____________________________ POWELL, J.
YOUNG, P.J., and VALEN, J., concur.